IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TADDRICK MINGO )<br>)<br>Plaintiff, )<br>)<br>) CIVIL ACTION<br>v. ) FILE NO.<br>) _____<br>)<br>SO SO DEF PRODUCTIONS, INC., )<br>) **JURY TRIAL DEMANDED**<br>Defendant. )<br>)<br>) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Taddrick Mingo, by and through his undersigned counsel of record, and files this Complaint for Damages against So So Def Productions, Inc. (hereinafter, "So So Def"), showing the Court as follows:

### JUISDICTION AND VENUE

1.

Plaintiff invokes this action under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA") to recover (1) unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an

amount equal to unpaid overtime wages; and (2) reasonable attorneys' fees and costs.

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 on the grounds that this action arises under the Fair Labor and Standards Act (hereinafter, "FLSA")  29 U.S.C. § 201 *et. seq*.

In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division  pursuant to 28 U.S.C. § 1391because the activities giving rise to Plaintiff's claims transpired in this district and Defendant is a resident of this District.

## PARTIES

4.

Plaintiff Taddrick Mingo is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Defendant So So Def. is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

6.

Defendant is an employer, and Plaintiff is one of its employees.

7.

Defendant maintains its principal office at 133 Peachtree Street Northeast, Suite 4070, Atlanta, Georgia 30303, and is subject to the jurisdiction of this Court. It may be served by delivering process to Willie Carter, Jr., its registered agent, at said address.

**STATEMENT OF FACTS**

8.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

9.

Defendant is a music production/consultant company.

10.

Plaintiff began his employment with Defendant on approximately May 2010 as a recording engineer, road manager and personal assistant to owner and CEO of So So Def, Mr. Jermaine Dupri Mauldin, (hereinafter, "Mr. Dupri").

11.

In establishing the terms of his employment with Defendant, Plaintiff and Mr. Dupri agreed Plaintiff would receive an annual salary [HOW MUCH?].

12.

In reliance upon the terms of the agreement, starting on or around May 2010, Plaintiff began working an average of sixty-five hours per week for Defendant.

Notwithstanding the agreement, Defendant did not compensate Plaintiff for his services.

13.

Soon after his employment commenced in 2010, Plaintiff questioned Mr. Dupri as to why he had not been compensated for his services. In response, Mr. Dupri assured Plaintiff he would be paid.

14.

After several more months of working without pay, Plaintiff again questioned Mr. Dupri regarding the issue of his compensation. After numerous

4

requests for payment to, and corresponding empty reassurances from, Mr. Dupri during the period of 2010 through 2014, Plaintiff was forced to resign.

15.

Upon his resignation, Plaintiff again contacted Mr. Dupri regarding Plaintiff's pay and Mr. Dupri agreed Plaintiff was owed compensation.

16.

Following this conversation, Plaintiff provided Mr. Dupri with an estimate of the monies he was owed for his services, but again Plaintiff received no compensation and no explanation.

## COUNT ONE
## FLSA VIOLATION – 29 U.S.C. § 207(a)(1)

17.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

18.

During the statutory period, Plaintiff was employed by Defendant.

19.

Plaintiff provided services as a recording engineer, road manager and personal assistant to Defendant and Mr. Durpi.

20.

Defendant's actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to adequately compensate Plaintiff for time spent on work activities as described herein.

21.

As the direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has suffered loss of income and other damages. Plaintiff is entitled to unpaid wages, additional liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## COUNT TWO
## FLSA VIOLATION – 29 U.S.C. § 206(a)(1)

22.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

23.

During the statutory period, Plaintiff was employed by Defendant.

24.

Plaintiff provided services as a recording engineer, road manager and personal assistant to Defendant and Mr. Durpi.

25.

Defendant's actions, policies, and/or practices described above are in violation of the FLSA's minimum wage requirements as they fail to adequately compensate Plaintiff for time spent on work activities as described herein.

26.

As the direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has suffered loss of income and other damages. Plaintiff is entitled to unpaid wages, additional liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## COUNT THREE
## BREACH OF CONTRACT

27.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

28.

Plaintiff and Defendant agreed to enter into an employment relationship where Plaintiff would provide services as a recording engineer, road manager and personal assistant to Defendant and Mr. Durpi and Defendant would pay Plaintiff an annual salary.

29.

Defendant breached said agreement by failing to compensate Plaintiff for his services after Plaintiff had performed his obligation under the contract.

30.

As the direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## **COUNT FOUR**
## **CONVERSION**

31.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

32.

Upon performance of employment services, Plaintiff is entitled to compensation and such compensation constitutes Plaintiff's personal property.

33.

Defendant has wilfully refused to compensate Plaintiff for employment services provided, compensation which Plaintiff is entitled to.

34.

Defendant has deprived Plaintiff of his employment compensation, and such an act is inconsistent with Plaintiff's possessory rights to his personal property.

35.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

### COUNT FIVE
### UNJUST ENRICHMENT

36.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

37.

Defendant induced Plaintiff to provide services as a recording engineer, road manager and personal assistant to Defendant and Mr. Durpi by promising to pay Plaintiff a salary.

38.

Defendant has unjustifiably benefited from Plaintiff's services from 2010 through 2014.

39.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT SIX
## PUNITIVE DAMAGES

40.

Plaintiff alleges and incorporates herein by reference each and every allegation set forth above.

41.

The acts and omissions of Defendant with respect to his conversion of Plaintiff's personal property and breach of fiduciary duty at issue in this Complaint were outrageous and/or undertaken with reckless indifference to the rights and interests of Plaintiff.

42.

To deter Defendant from engaging in conduct similar to that which formed the basis of this lawsuit, Plaintiff is entitled to the maximum award of punitive damages allowed by law.

## COUNT SEVEN
## ATTORNEYS' FEES

43.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

44.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to an award of attorneys' fees and expenses of litigation on each and every cause of action alleged herein, because Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for:

1) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates for a period of approximately four years;

2) Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

3) Attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

4) Trial by jury as to all issues;

5) Prejudgment interest at the rate allowed by law;

6) Declaratory relief to the effect Defendant has violated Plaintiff's statutory rights; and

7) Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 13th day of August, 2014.

        **MOLDEN & HOLLEY, LLC**

        /s/ David G. Cheng
        Regina S. Molden
        Georgia Bar No. 515454
        David G. Cheng
        Georgia Bar No. 762468
        Peachtree Center – Harris Tower
        233 Peachtree Street, N.E. Suite 1245
        Atlanta, Georgia 30303
        Telephone: (404) 324-4500
        Facsimile: (404) 324-4501
        Email: rmolden@moldenholley.com
        Attorneys for Plaintiff

# CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 13th day of August, 2014.

                                               /s/ David G. Cheng
                                               David G. Cheng
                                               Georgia Bar No. 762468